Ransom, S.
—The decree in this proceeding has been agreed to, and I am asked to approve the costs and disbursements as they appear, charged on the respective bills of costs presented. The attorney for the next of kin swears *732 to eighteen days occupied in the trial, etc. The attorney for the administrator swears to but ten days devoted to the same business. The special'guardian swears to his attention two hours a day on the trial, and for other services twenty-five days. An item of disbursement for referee’s fees, $250, is also claimed as well as stenographer’s fees, amounting to $100.84.
The statute provides that the surrogate shall allow such necessary expense of administration as shall appear just and reasonable, and on the judicial settlement of the accounts such sum as he shall deem reasonable for counsel fees and other expenses, with a limit as to counsel fees for days actually and necessarily employed. He must, therefore, resort to facts and the provisions of the statute for lawful grounds upon which to decide as to these matters. No facts are stated" in the affidavits of the attorneys which can justify the allowances claimed, either for the attorneys’ services, or for referee’s or stenographer’s fees. The naked fact that the administrator has paid these disbursements is not enough, and some explanation should be made of the discrepancy in the statement of counsel as to the number of days necessarily employed by them, and they must give the dates of such services and such proof as shall satisfy reasonably the judicial inquiry, which must be fairly answered before the allowances can be sanctioned.
As to the referee’s fees the statute is plain and imperative. He cannot be allowed more than six dollars a day for his services; and yet, in this case, $250 is claimed for, at the most, twenty days’ trial. Unnecessary adjournments of a reference, so frequently consented to for the convenience of counsel, ought not to be at the expense of the estate. Extravagance in matters connected with the administration of the estates of deceased persons is the rule; this cannot be countenanced. Economy of expenditure, which is the true meaning and intent of the law, must be insisted upon.
It may be that the allowances and disbursements in this proceeding can be made to appear just and reasonable; but they do not now so. appear, except as to the special guardian, and his allowance can be fixed on the proofs furnished by him. Further facts may be furnished by affidavit on or before the eleventh instant to the end that I may properly decide these questions.
On reading my memorandum in this proceeding, filed February eighteen, after the same had been prepared for binding the decision book, I observed that I had fallen into error in respect to the number of days allowed the attorney for the next of kin, claimed by him as “three days necessarily employed in examining the account. These days *733 were disallowed him under that classification, and were allowed under time necessarily occupied in otherwise preparing for trial.” He is not entitled to allowance for these days under either classification. See Code, section 2562.
My memorandum is modified accordingly.